Zhou v. Lynch

BIA
Poczter, IJ
A205 050 698

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of July, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> DENNIS JACOBS,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

LING YAN ZHOU,
> *Petitioner,*

v.                                            **15-2076**
                                              **NAC**

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Vlad Kuzmin, Kuzmin & Associates, P.C., New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; John W. Blakely, Assistant Director; W. Daniel Shieh, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ling Yan Zhou, a native and citizen of the People's Republic of China, seeks review of a May 29, 2015, decision of the BIA affirming a November 5, 2013, decision of an Immigration Judge ("IJ") denying Zhou's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ling Yan Zhou,* No. A205 050 698 (B.I.A. May 29, 2015), *aff'g* No. A205 050 698 (Immig. Ct. N.Y. City Nov. 5, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA, *i.e.*, minus the IJ's pretermission of Zhou's asylum application as untimely. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). For asylum applications like Zhou's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant or

2

witness, the inherent plausibility of the applicant's or witness's account," and inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. As discussed below, substantial evidence supports the IJ's adverse credibility determination.

The IJ reasonably relied on her observations of Zhou's demeanor. Particular deference is given to the trier of fact's assessment of demeanor, *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005), and the record supports the IJ's finding, as Zhou gave numerous nonresponsive answers to simple questions.

The IJ reasonably relied on inconsistencies that further support both the demeanor finding and the adverse credibility determination as a whole. *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). Zhou testified that her mother was with her during her forced abortion, after which she took Zhou home. Zhou's mother's letter stated Zhou had an abortion, but did not mention that she was with Zhou for the procedure. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 (holding that "[a]n inconsistency and an omission are . . . functionally equivalent" for credibility purposes). The IJ was not required to credit Zhou's explanation, as she was unable to explain the omission.

*Majidi*, 430 F.3d at, 80.  The IJ found that this inconsistency undermined the crux of Zhou's claim because her mother was the only person who could corroborate whether Zhou had an abortion. *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 294-95 (2d Cir. 2006).

The adverse credibility determination is also supported by a second inconsistency.  On cross examination, the Government asked Zhou when she last had her IUD examined.  Zhou initially stated September 2001, but when asked corrected to September 2011.  In the absence of the demeanor issues, a reasonable factfinder might easily have accepted Zhou's explanation that she merely misspoke.  *Majidi*, 430 F.3d at 80.  However, the IJ emphasized (and the record confirms) that Zhou gave minimal, stilted answers to many questions, and supplied detail only as to the abortion suggesting that Zhou was "testifying from a script rather than from experience."  *Li Hua Lin,* 453 F.3d at 109.

Finally, the IJ reasonably concluded that Zhou's corroborating evidence was insufficient to rehabilitate her discredited testimony.  *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).  The letter from Zhou's mother omitted mention that she was present for the abortion (as Zhou testified).  The IJ reasonably gave limited weight to the only other evidence directly corroborating Zhou's claim, a letter

4

from her aunt that provided no details and did not state that the aunt was present for any of the events in question.

Given inconsistencies in Zhou's testimony, as well as Zhou's poor demeanor and lack of corroborating evidence, we conclude that the "totality of the circumstances" supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. That determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief relied on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5